1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
2  JAMES F. HETHERINGTON, ESQUIRE - State Bar #151331
   GOODMAN NEUMAN HAMILTON LLP
   One Post Street, Suite 2100
3  San Francisco, California 94104
   Telephone:   (415) 705-0400
4  Facsimile:   (415) 705-0411
   E-Mail:      jgoodman@gnhllp.com / jhetherington@gnhllp.com
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC.

7

8                  UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11  RYAN LACE, an individual,              Case No.

12                          Plaintiff,     **NOTICE OF REMOVAL OF ACTION
13  vs.                                    UNDER 28 U.S.C. §§ 1441 AND 1446(b)
                                           BASED ON DIVERSITY OF
14  HOME DEPOT U.S.A., INC., a             CITIZENSHIP UNDER 28 U.S.C. §1332**
    Delaware corporation; and DOES 1 to
15  25,
                                           **JURY TRIAL DEMANDED**
16                          Defendants.

17

18      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19          PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC.

20  (hereinafter "HOME DEPOT"), by and through its counsel, hereby remove the above-

21  captioned action from the Superior Court of the State of California, in and for the County

22  of Orange, to the United States District Court, Central District of California (Southern

23  Division) for the reasons described below:

24          1.      HOME DEPOT is a named Defendant in a civil action pending against it in

25  the San Mateo County Superior Court, entitled *Ryan Lace vs. Home Depot U.S.A., Inc.*,

26  Case No. 30-2021-01193349-CU-PO-CJC.

27          2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

28  HOME DEPOT U.S.A., INC. timely filed an Answer to the Complaint. (**Exhibit B**.)

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

3.     Venue is proper in this Court because the boundaries of the United States District Court for the Central District of California (Southern Division), pursuant to 28 U.S.C. § 84(b) include Orange County.

4.     Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of Orange, in accordance with 28 U.S.C. § 1446(d).

### JURISDICTION

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by HOME DEPOT pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

6.     Diversity jurisdiction applies for the following reasons:

a.     At all times relevant to removal jurisdiction, Plaintiff is and was a resident of the State of California.

b.     Both at the time that this action was commenced and at this time, HOME DEPOT was incorporated in Delaware and has its principal place of business in Georgia. HOME DEPOT's corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company. "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).) "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

c.     Plaintiff is claiming a personal injury from a slip and fall in excess of $75,000. It is reasonably ascertainable that the amount in controversy in this case exceeds the $75,000.00 threshold specified in 28 U.S.C. § 1332(a).

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-2-
NOTICE OF REMOVAL

1    7.    Based on the foregoing, the matter is removable pursuant to 28 U.S.C.

2  §§ 1332 and 1446(b).

3    WHEREFORE, the undersigned requests that the action described above be

4  removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C.

5  § 1441, et seq.

6                            **DEMAND FOR JURY TRIAL**

7    Defendant demands a jury trial of 8 jurors pursuant to Federal Rules of Court,

8  Rule 48.

9

10

11  DATED:  May 14, 2021            GOODMAN NEUMAN HAMILTON LLP

12

13                                By:   /s/ Joshua S. Goodman

14                                    JOSHUA S. GOODMAN
                                      JAMES F. HETHERINGTON
15                                    Attorneys for Defendant
                                      HOME DEPOT U.S.A., INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-3-
NOTICE OF REMOVAL

EXHIBIT A

Case 8:21-cv-00902   Document 1   Filed 05/14/21   Page 5 of 23   Page ID #:5
Electronically Filed by Superior Court of California, County of Orange, 04/05/2021 02:50:00 PM.
30-2021-01193349-CU-PO-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 TO 25 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RYAN LACE, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| *(El nombre y dirección de la corte es:)* Orange County Superior Court | 30-2021-01193349-CU-PO-CJC |
| 700 West Civic Center Dr., Santa Ana, CA 92701 | |
| Central Justice Center | Judge Charles Margines |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Hekmat Kordab (SBN:303850). 300 S. Harbor Blvd., Ste. 820, Anaheim, CA 92805. (714) 881-0581

| DATE: | | Clerk, by | | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* 04/05/2021 | DAVID H. YAMASAKI, Clerk of the Court | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

Lirio Sanchez

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Home Depot U.S.A, Inc, a Delaware corporation

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Electronically Filed by Superior Court of California, County of Orange, 04/01/2021 02:59:37 PM.
30-2021-01193349-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Hekmat Kordab, Esq. (# 303850) Yadira De La Rosa, Esq. (#326163)<br>Kordab Law Offices<br>300 S. Harbor Blvd., Ste. 820<br>Anaheim, CA 92805<br>TELEPHONE NO: 714-881-0581     FAX NO. *(Optional):* 714-8810582<br>E-MAIL ADDRESS *(Optional):* matt@kordablaw.com/yadira@kordablaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Ryan Lace | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Central Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: RYAN LACE, an individual

DEFENDANT: HOME DEPOT U.S.A., INC., a Delaware corporation; and

[✓] DOES 1 TO 25

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
  [ ] **AMENDED** *(Number):*
**Type** *(check all that apply):*
[ ] **MOTOR VEHICLE**  [✓] **OTHER** *(specify):* Prem Liability
  [ ] **Property Damage**  [ ] **Wrongful Death**
  [ ] **Personal Injury**  [✓] **Other Damages** *(specify):*

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [ ] **ACTION IS A LIMITED CIVIL CASE**<br>**Amount demanded**  [ ] **does not exceed $10,000**<br>  [ ] **exceeds $10,000, but does not exceed $25,000**<br>[✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>[ ] **ACTION IS RECLASSIFIED by this amended complaint**<br>  [ ] **from limited to unlimited**<br>  [ ] **from unlimited to limited** | 30-2021-01193349-CU-PO-CJC<br><br>**Assigned for All Purposes**<br><br>Judge Charles Margines |

1. **Plaintiff** *(name or names):* RYAN LACE
   alleges causes of action against **defendant** *(name or names):*
   HOME DEPOT U.S.A., INC. and DOES 1-25

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
*www.courtinfo.ca.gov*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LACE V. HOME DEPOT U.S.A., INC. , et al. | |

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ **except** defendant *(name):* Home Depot U.S.A    c. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown      (1) ☐ a business organization, form unknown
     (2) ☑ a corporation                           (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*          (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*               (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*                             (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*               d. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown      (1) ☐ a business organization, form unknown
     (2) ☐ a corporation                           (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*          (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*               (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*                             (5) ☐ other *(specify):*

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☑ Doe defendants *(specify Doe numbers):* 1-25         were the agents or employees of other
     named defendants and acted within the scope of that agency or employment.

  b. ☑ Doe defendants *(specify Doe numbers):* 1-25         are persons whose capacities are unknown to
     plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LACE V. HOME DEPOT U.S.A., INC. , et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
      pain and suffering, inconvenience

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: April 1, 2021

Hekmat Kordab
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

**PLD-PI-001(4)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LACE v. HOME DEPOT U.S.A., INC., et. al. | |

<u>First</u> _____  **CAUSE OF ACTION—Premises Liability**      Page _____ 4 _____
    (number)

ATTACHMENT TO ☑ Complaint  ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* RYAN LACE
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* 05/24/2020                          plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*

    Ryan Lace was shopping at the Home Depot on 5/24/2020 between the hours of 9:00am and
    10:00am while in one of the aisles, he slipped on liquid substance that had accumulated on the
    floor.

Prem.L-2.  ☑ **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):*
HOME DEPOT, U.S.A., INC.; and

☑ Does 1 _____ to 25 _____

Prem.L-3.  ☑ **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*
HOME DEPOT U.S.A., INC., and

☑ Does 1 _____ to 25 _____

Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4.  ☑ **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*
HOME DEPOT U.S.A, INC. and

☑ Does 1 _____ to 25 _____

a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☑ **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):*
HOME DEPOT U.S.A., INC., and

☑ Does 1 _____ to 25 _____

b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LACE v. HOME DEPOT U.S.A., INC., et. al. | |

SECOND _____ **CAUSE OF ACTION—General Negligence**   Page ___5___
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  RYAN LACE

alleges that defendant *(name):*  HOME DEPOT U.S.A., INC. and

[✓] Does   1 _____ to   25 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  05/24/2020
at *(place):*  800 N. Brookhurst St., Anaheim, CA 92801

*(description of reasons for liability):*

Mr. Lace was shopping at the Home Depot in Anaheim, CA on 5/24/2020 between 9:00am and
10:00am when he slipped on substance that was present on the floor in one of the aisles.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

EXHIBIT B

1 | JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
JAMES F. HETHERINGTON, ESQUIRE - State Bar #151331
2 | GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
3 | San Francisco, California 94104
Telephone:   (415) 705-0400
4 | Facsimile:   (415) 705-0411
E-Mail:       jgoodman@gnhllp.com / jhetherington@gnhllp.com
5 |
Attorneys for Defendant
6 | HOME DEPOT U.S.A., INC.

7

8 |           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                 IN AND FOR THE COUNTY OF ORANGE

10

11 | RYAN LACE, an individual,                    Case No. 30-2021-01193349-CU-PO-CJC

12 |                        Plaintiff,

13 | vs.                                          **DEFENDANT HOME DEPOT U.S.A.,
                                                 INC.'S ANSWER TO PLAINTIFF'S
14 | HOME DEPOT U.S.A., INC., a                   COMPLAINT**
Delaware corporation; and DOES 1 to
15 | 25,                                          Action filed: April 5, 2021
                                                 Trial date: none set
16 |                        Defendants.

17 |         Defendant, in answer to the Unverified Complaint of Plaintiff, denies each and

18 | every, all and singular, allegations of the Complaint, and denies that Plaintiff has been

19 | injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at

20 | all, as the result of any act or omission of this answering Defendant.

21 |                          **FIRST AFFIRMATIVE DEFENSE**

22 |                   **Comparative Fault/Negligence of Plaintiff**

23 |         This answering Defendant alleges that Plaintiff was himself careless and negligent

24 | in and about the matters alleged in the Complaint, and that this carelessness and

25 | negligence on Plaintiff's own part contributed as a proximate cause to the happening of

26 | the incident, the injuries, and loss and damage complained of, and any recovery by

27 | Plaintiff should be reduced or eliminated based upon his comparative fault.

28 | ///

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-

ANSWER TO COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence of Others

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff were the negligence and fault of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint contains a defect in the parties whereby Plaintiff or certain Plaintiffs lack capacity to sue for those claims set forth therein.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint arises from a misjoinder of named parties whereby Plaintiff lacks the capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff or certain Plaintiffs are not the real parties in interest, and lack standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Any recovery by Plaintiff should be reduced or eliminated due to his failure to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

relevant to this litigation, thus failing to afford this answering Defendant an opportunity to inspect such evidence, thereby severely prejudicing Defendant. Plaintiff is therefore barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### Doctrine of Laches

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendant and this action is therefore barred by reason of the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Assumption of Risk

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of risk involved, assumed the risk of damages to herself.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Causation

As a separate and further affirmative defense, this answering Defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Notice of Dangerous Condition

As a separate and further affirmative defense, this answering Defendant alleges that they had no notice, or inadequate notice, of any dangerous conditions that may or may not have existed at the time of the losses alleged by Plaintiff, such that any preventative measures could have been taken.

Goodman Neuman Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## SIXTEENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint of Plaintiff is barred by the statute of limitations stated in Part 2, Title 2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335, and continuing through Section 349.4 and, more particularly, but not limited to, Sections 337, 337.1, 337.15, 337.5, 338, 339, 340 and/or 343.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Workers' Compensation – Exclusive Remedy

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff was, at all relevant times, a special employee of Defendant and acting in the course and scope of that special employment, and that this action is therefore barred by the exclusive remedy provisions of the Workers' Compensation Act, as contained in California Labor Code sections 3600, 3601, and 3602.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Reduction of Workers' Compensation Lien

As a separate and further affirmative defense, this answering Defendant alleges that at all times material herein, the Plaintiff was in the course and scope of his employment and that Plaintiff and his employer were subject to the provisions of the Workers' Compensation Act of the State of California; that certain sums have been paid to or on behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of California; that Plaintiff's employer and Plaintiff's co-employees were negligent and careless and that such negligence and carelessness proximately contributed to and caused the injuries of Plaintiff, if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-Intervention which may be made for reimbursement of Workers' Compensation benefits paid to or on behalf of Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

#### Apportionment

As a separate and further affirmative defense, this answering Defendant alleges that if they are found liable for any injury and damage to Plaintiff, then said liability, if any, must be limited to this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil Procedure Section 1431.2.

### TWENTIETH AFFIRMATIVE DEFENSE

#### Alteration

As a separate and further affirmative defense, this answering Defendant alleges that the subject products/services/work identified in the Complaint were misused, modified, altered and/or subjected to certain treatment by Plaintiff and/or other unknown individuals or entities which substantially changed the performance, application characteristics, composition and formulation of the subject products after they left this answering Defendant's custody and control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### Compliance with Standards

As a separate and further affirmative defense, this answering Defendant alleges that the methods and procedures they employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### Reservation of Rights

As a separate and further affirmative defense, this answering Defendant alleges that Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## TWENTY-THRID AFFIRMATIVE DEFENSE

### Estoppel

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff has waived and/or is estopped from alleging the matters set forth in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Discharge of Duties

As a separate and further affirmative defense, this answering Defendant alleges that, prior to the commencement of this action, this answering Defendant duly performed, satisfied and discharged all of its duties and obligations arising out of any and all agreements, representations or contracts made by them.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Trivial Defect

As a separate and further affirmative defense, this answering Defendant alleges that the claims asserted in the Complaint are barred by the trivial defect doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Statute of Frauds

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint and each of cause of action thereof, is barred by the Statute of Frauds.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Waiver

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint and each of cause of action thereof, is barred by Waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Products Liability - Unforeseeable Use

As a separate and further affirmative defense, this answering Defendant alleges that if Plaintiff sustained injuries attributable to the use of any product of this Defendant, which allegations are expressly denied, the injuries were caused in whole or in part by the

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1  unreasonable, unforeseeable and inappropriate purpose and/or improper use which was

2  made of the product.

3  ## TWENTY-NINETH AFFIRMATIVE DEFENSE

4  ## Compliance with Standards

5  As a separate and further affirmative defense, this answering Defendant alleges that

6  the methods and procedures employed in manufacturing, assembling, packaging,

7  distributing, supplying and selling the products and/or services complied with all industry

8  standards, federal, state and local regulations, and applicable states of the art in the

9  industry, at all times mentioned herein.

10  ## THIRTIETH AFFIRMATIVE DEFENSE

11  ## Products Liability - Misuse and Abuse

12  As a separate and further affirmative defense, this answering Defendant alleges that

13  the damages complained of in the Complaint were caused in whole or in part by the

14  misuse and abuse of the product.

15  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

16  ## Warranty – Failure to State Cause of Action

17  As a separate and further affirmative defense, this answering Defendant alleges that

18  the Complaint and each cause of action thereof, fails to state a cause of action in that

19  Plaintiff failed to give timely and proper notice of breach of warranty.

20  ## THIRTY-SECOND AFFIRMATIVE DEFENSE

21  ## Products Liability – Modification, Alteration, and Change

22  As a separate and further affirmative defense, this answering Defendant alleges that

23  the injuries and damages sustained by Plaintiff, if any, were solely and legally caused by

24  the modification, alteration or change of the product referred to in the Complaint and said

25  modification, alteration or change was performed by persons or entities other than this

26  answering Defendant and without Defendant's knowledge or consent.

27

28

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-8-
ANSWER TO COMPLAINT

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Unclean Hands

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff is barred from recovery by reason of his unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Debt Offset

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's alleged debt should be offset against monies owed by the Plaintiff to this answering Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Proposition 51

As a separate and further affirmative defense, this answering Defendant alleges that if this answering Defendant is found liable for any injury and damage to Plaintiff, then said liability for non-economic damages to Plaintiff must be limited to this answering Defendant's proportionate share of fault, if any there be, as defined by Cal. Civil Code Section 1431.2, et seq.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Res Judicata

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Res Judicata.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### Collateral Estoppel

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Collateral Estoppel.

WHEREFORE, Defendant prays:

1.     Plaintiff takes nothing against it by his Complaint;

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

2.     Defendant has judgment for its costs of suit; and

3.     Such other and further relief as the court deems just and proper.

DATED:  May 14, 2021                    GOODMAN NEUMAN HAMILTON LLP


By: _____
JOSHUA S. GOODMAN
JAMES F. HETHERINGTON
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-10-

ANSWER TO COMPLAINT

## PROOF OF SERVICE

**CASE NAME:** *Ryan Lace v. Home Depot U.S.A., Inc.*
**CASE NUMBER:** 30-2021-01193349-CU-PO-CJC
**DATE OF SERVICE:** May 14, 2021
**DESCRIPTION OF DOCUMENTS SERVED:**

**DEFENDANT HOME DEPOT U.S.A., INC.' S ANSWER TO PLAINTIFF' S COMPLAINT**

**SERVED ON THE FOLLOWING:**
Hekmat Kordab, Esq.
Yadira De La Rosa, Esq.
Kordab Law Offices
300 S. Harbor Blvd., Ste. 820
Anaheim, CA 92805
Tel.: 714-881-0581
Fax: 714- 881-0582
E-Mail: matt@kordablaw.com
yadira@kordablaw.com
***Attorneys for Plaintiff***

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by:

ELECTRONIC TRANSMISSION ONLY. Only by electronic submission of the document(s) to the person(s) at the email address(es) listed, pursuant to the parties' agreement to electronic service in this action during the duration of the applicable shelter-in-place orders issued in response to the COVID-19 pandemic as well as the California Judicial Counsel's Temporary Emergency Rules 1-12, Appendix I, Emergency Rules Related to COVID-19, and Code of Civil Procedure sections 1010.6(a)(4) and (5) and 1010.6(e). No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Alesia DeCamp

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE

## **PROOF OF SERVICE**

**CASE NAME:** *Ryan Lace v. Home Depot U.S.A., Inc.*
**CASE NUMBER:** 30-2021-01193349-CU-PO-CJC
**DATE OF SERVICE:** May 14, 2021
**DESCRIPTION OF DOCUMENTS SERVED:**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b)
BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. §1332; JURY
TRIAL DEMANDED**

**SERVED ON THE FOLLOWING:**
Hekmat Kordab, Esq.
Yadira De La Rosa, Esq.
Kordab Law Offices
300 S. Harbor Blvd., Ste. 820
Anaheim, CA 92805
Tel.: 714-881-0581
Fax: 714- 881-0582
E-Mail: matt@kordablaw.com
yadira@kordablaw.com
***Attorneys for Plaintiff***

      I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by:

      ELECTRONIC TRANSMISSION ONLY. Only by electronic submission of the document(s) to the person(s) at the email address(es) listed, pursuant to the parties' agreement to electronic service in this action during the duration of the applicable shelter-in-place orders issued in response to the COVID-19 pandemic as well as the California Judicial Counsel's Temporary Emergency Rules 1-12, Appendix I, Emergency Rules Related to COVID-19, and Code of Civil Procedure sections 1010.6(a)(4) and (5) and 1010.6(e). No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

/s/ Marisol Rosario
_____
Marisol Rosario

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE